## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| ADAM DUANE CASON, and SAMANTHA CASON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:14-CV-186 |
| | ) | |
| COREY DRU ANDERSON, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### PLAINTIFFS' BRIEF IN OPPOSITION TO NON-PARTY PROGRESSIVE MOUNTAIN INSURANCE COMPANY'S MOTION FOR STAY OF PROCEEDINGS

The motion of Progressive Mountain Insurance Company to stay proceedings in this action should be denied. Progressive is not a party to this action. Progressive submits no evidence by affidavit or otherwise in support of its motion. The declaratory action that is pending in this Court was filed quite late. This suit was originally filed April 12, 2012, in the Superior Court of McDuffie County. It was dismissed without prejudice on September 4, 2014, and refiled in this Court on September 26, 2014. Discovery is believed to be complete, and the case is ready for trial. Progressive waited until November 26, 2013, to file its declaratory judgment action as to coverage. For this reason alone, we expect the declaratory action to be denied. Even if Progressive were successful in its defenses to coverage, this case would still need to be tried, as there is other insurance coverage available to satisfy a judgment in favor of the Plaintiff. Moreover, this motion does not meet the basic requirements of the statute. O.C.G.A. § 9-10-110 provides:

> **§ 9-10-110.  How petition for extraordinay equitable relief verified; support by proof**
>
> Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs.

O.C.G.A. § 9-10-110.

Progressive's failure to support this motion either by verification or by other proof calls for its denial.

The underlying facts demonstrate the lack of merit in the relief sought by Progressive.

This case arises out of a wreck that occurred June 29, 2011. Progressive's insurance agent that sold the Progressive insurance at issue in the declaratory action is the same agent who sold the coverage provided by Everest Security Insurance Company that also provided coverage for Mr. Anderson for liability to Mr. Cason for injuries received by Mr. Cason in the wreck on June 29, 2011. Prior to this lawsuit being filed, Everest Security Insurance Company tendered its coverage and the coverage was accepted in exchange for a limited release that did not bar claims involving other coverage.

Progressive's policy requires notice to its agent. Its agent obviously had notice, as the other carrier for which it is the agent promptly investigated, negotiated and settled. Progressive should not be rewarded by the grant of its motion at this late date.

Attached to this brief as Exhibit "A" is the front page of the policy at issue. Printed upon this page is the following:

> 1-706-595-8087   Nelson Insurance Agy
> Contact your agent for personalized service

The name of Nelson Insurance Agency is also found on the "Welcome to Progressive" page of the policy. The rule in Georgia is:

> When the terms of the policy or instructions stamped upon the face of a liability policy instruct the insured that it is to provide notice of suit, either to the independent insurance agent or the insurer, such delegation of apparent authority, notwithstanding the independent contractor relationship, will estop the insurer to deny any notice which was given to the independent agent under its instructions.

*Southeastern Express Systems, Inc. v. Southern Guaranty Ins. Co.*, 224 Ga.App. 697, 700 (1997); *Accord, Auto-Owners Ins. Co. v. DFH Development, Inc.*, 2009 WL 2515638 (N.D. Ga.); *International Indemnity Co. v. Odom*, 174 Ga.App. 6 (1985).

A copy of Progressive's reservation of rights letter is attached as Exhibit "B." It is dated August 17, 2012, but apparently was never sent to Mr. Anderson's current address. Defendant's response to Plaintiff's interrogatories and requests for production of documents is attached as Exhibit "C." Mr. Blount's entry of appearance as counsel for Mr. Anderson provided by Progressive is attached as Exhibit "D." A copy of Defendant's supplemental responses to Plaintiff's interrogatories and requests for production of documents is attached as Exhibit "E."

Thus, it would appear that Progressive's claim of late notice is unlikely to meet success in the declaratory judgment action pending in federal court. The motion does not meet the requirements of the code for such a claim for extraordinary relief. A trial of this case will advance final resolution. Grant of Progressive's motion to stay will only delay resolution on the merits. Progressive's delay in filing its action for declaratory relief and the filing of this motion to stay with this Court at this late date are further grounds for the denial of the motion.

The motion of non-party Progressive to stay the trial of this case should be denied.

Respectfully submitted,

BELL & BRIGHAM

_s/ John C. Bell, Jr._
John C. Bell, Jr.
Georgia State Bar No.  048600
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014

COUNSEL FOR PLAINTIFFS

Exhibit "A"

NELSON INSURANCE AGY
PO BOX 275
THOMSON, GA 30824

**PROGRESSIVE**

Named insured

COREY ANDERSON
1348C WHITE OAK RD
THOMSON, GA 30824

**Policy number:  08083003-0**
Underwritten by:
Progressive Mountain Insurance Co
June 28, 2011
Policy Period: Jun 20, 2011 - Jun 20, 2012
Page 1 of  2

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, print
policy documents, or check the status of a
claim.

**1-706-595-8087**
**NELSON INSURANCE AGY**
Contact your agent for personalized service.

**1-800-444-4487**
For customer service if your agent is
unavailable or to report a claim.

# Commercial Auto
# Insurance Coverage Summary
## This is your Declarations Page

Your coverage began the later of June 20, 2011 at 12:01 a.m. or at the time your application is executed on the first day of the policy period.  This policy period ends on June 20, 2012 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits  shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (03/05). The contract is modified by forms 5701 (02/05), 4852GA  (04/05), 4881GA  (07/07), Z228 (07/05) and 2435 (12/06).

The named insured organization type is a sole proprietorship.

## Outline of coverage

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $1,320 |
| Bodily Injury and Property Damage Liability | $500,000 combined single limit | | |
| **Total 12 month policy premium** | | | **$1,320** |

## Rated driver

1. COREY ANDERSON

## Auto coverage schedule

| | | | | | |
|---|---|---|---|---|---|
| 1. | **1986 Chevrolet C10** | Stated Amount: | | | |
| | VIN:  1GCDC14H3GF421927 | Garaging Zip Code: | 30824 | Radius: | 50 |

| | Liability | Auto Total |
|---|---|---|
| Liability Premium | $1,320 | $1,320 |

## Premium discount

| | Policy | |
|---|---|---|
| | 08083003-0 | Package |

CERTIFIED COPY
THIS WILL CERTIFY THAT THE
ATTACHED IS A TRUE AND COMPLETE COPY
OF THE ORIGINAL
CUSTODIAN OF RECORDS

Continued

Form 6489 GA (05/06)

# Exhibit "B"

*PROGRESSIVE*

Progressive Claims Branch

1030 Mitchell Bridge Road
Suite A
Athens, GA 30606
Phone:  706-208-3400
Fax:  706-548-7195

| | |
|---|---|
| Underwritten By: | Progressive Mountain Insurance Company |
| Policy Holder: | Corey Anderson |
| Policy Number: | 08083003-0 |
| Claim Number: | 12-4535068 |
| Date of Loss: | 06/29/2011 |

Corey Anderson
1348 C Whittle Oak Road
Thomson, GA 30824
Sent via certified mail and Us First class mail

Today's Date:    08/17/2012

1-800-PROGRESSIVE (1-800-776-4737)

## Claims Information
**Notice Regarding your claim**

We have received notice of the above-referenced loss. Our investigation into this matter is now in progress.

The initial investigation has revealed possible grounds for denying coverage to you, which may include, but are not limited to the following:

> Late Report of Loss.
> The 1996 Dodge Ram is not listed on this policy.

Pursuant to the terms of Corey Anderson's policy, # 08083003-0, Form 6912, Edition 03/05, Page Number ,
paragraph headed YOUR DUTIES IN THE EVENT OF AN ACCIDENT, CLAIM, LOSS OR SUIT
GENERAL DEFINITIONS
PART I - LIABILITY TO OTHERS  it states:

> YOUR DUTIES IN THE EVENT OF AN ACCIDENT, CLAIM, LOSS OR SUIT
>
> Notify Us As Soon As Practicable After An Accident Or Loss
> If an insured or insured auto is involved in an accident or loss for which this insurance
> may apply, the accident or loss must be reported to us as soon as practicable by calling
> 1-800-XXX-XXXX, even if the insured is not at fault.
> You, or any other person or organization claiming coverage as an insured, should provide
> the following accident or loss information as soon as it is available:
> •
> time, place, and circumstances of the accident or loss (for example, how the accident
> happened and weather conditions);
> •
> names and addresses of all persons involved, and of any witnesses;
> •
> the license plate numbers of the vehicles involved; and
>
> any other facts available concerning the accident or loss.
> You, or any other person or organization claiming coverage as an insured, must also
> notify the police within twenty-four (24) hours or as soon as practicable if:
> •
> the owner or operator of a vehicle involved in the accident cannot be identified; or
> •
> theft or vandalism has occurred.
> You and any person or organization claiming coverage as an insured must:
> •

*PROGRESSIVE*

assume no obligation, make no payment, or incur no expense without our consent, except at the insured's own cost;

cooperate with us in any matter concerning a claim or lawsuit;

provide any written proof of loss we may reasonably require;

allow us to take signed and recorded statements, including sworn statements and examinations under oath, and answer all reasonable questions we may ask as often as we may reasonably require;

promptly send us any and all legal papers relating to any claim or lawsuit;

attend hearings and trials as we require;
4.
"Declarations " or "Declarations Page" means the document prepared by us listing your policy information, which may include the types of coverage you have elected, the limit for each coverage, the cost for each coverage, the specifically described autos covered by this policy, and the types of coverage for each specifically described auto.
5.
"Insured auto" or "your insured auto" means:
a.
Any auto specifically described on the Declarations Page, unless you have asked us to delete that auto from the policy.
b.
Any additional auto on the date you become the owner if:
(i)
you acquire the auto during the policy period shown on the Declarations Page;
(ii)
we insure all autos owned by you that are used in your business; and
(iii)
no other insurance policy provides coverage for that auto.
We will provide coverage for an additional auto for a period of thirty (30) days after you become the owner of such additional auto. We will not provide any coverage after this thirty (30) day period unless within this period you ask us to insure the additional auto. If you add any coverage, increase your limits or make any other changes to this policy during this thirty (30) day period, these changes to your policy will not become effective until after you ask us to add the coverage, increase your limits or make such changes. We may charge premium for the additional auto from the date you acquire the auto.

With respect to PART I - LIABILITY TO OTHERS, if we provide coverage for an additionally acquired auto in accordance with this paragraph b., we will provide the same coverage for such additional auto as we provide for any auto shown on the Declarations Page.
14. "Temporary substitute auto" means any auto used, with the permission of its owner, as a substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction, and that is:
a.
not owned by or registered to you, or if you are a natural person, not owned by or registered to you, your nonresident spouse, or a resident of the household in which you reside;
b.
not leased by you under a written contract for a period of six (6) months or more, or if you are a natural person, not leased by you, your nonresident spouse, or a resident of the household in which you reside, under a written contract for a period of six (6) months or more;
c.
not owned by your employee or leased by your employee under a written contract for a period of six (6) months or more; and

d.  not borrowed from your employees or members of their households.
ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in PART I - LIABILITY TO OTHERS, insured means:
1.
You with respect to an insured auto.
2.
Any person while using, with your permission, and within the scope of that
permission, an insured auto you own, hire, or borrow except:
(a)
A person while he or she is working in a business of selling, leasing,
repairing, parking, storing, servicing, delivering or testing autos, unless that
business is yours and it was so represented in your application.
(b)
A person, other than one of your employees, while he or she is moving
property to or from an insured auto.
(c)
The owner or anyone else from whom the insured auto is leased, hired, or
borrowed unless the insured auto is a trailer connected to a power unit that
is an insured auto. However, this exception does not apply if the insured
auto is specifically described on the Declarations Page, but only for that
insured auto.
For purposes of this subsection A.2., an insured auto you own includes any auto
specifically described on the Declarations Page.


3.
Any other person or organization, but only with respect to the legal liability of
that person or organization for acts or omissions of any person otherwise covered
under this PART I - LIABILITY TO OTHERS.
If we make a filing or submit a certificate of insurance on your behalf with a
regulatory or governmental agency, the term "insured" as used in such filing or
certificate, and in any related endorsement, refers only to the person or organization
named on such filing, certificate or endorsement.


B.
When used in PART I - LIABILITY TO OTHERS, insured auto also includes:
1.
Trailers , with a load capacity of 2,000 pounds or less and designed primarily for
travel on public roads, while connected to your insured auto that is a power unit;
2.
Mobile equipment while being carried or towed by an insured auto; and
3. Any temporary substitute auto.

In addition, we reserve all rights to raise additional grounds for denial of coverage.

The purpose of this letter is to advise you that the handling of this claim is being conducted under a Reservation of
Rights. No action taken to date, nor any action this company might take in the future, to investigate, explore
settlement or defend a lawsuit arising out of the above-captioned claim, shall be deemed to be admission of
coverage under a policy issued to Corey Anderson by Progressive Mountain Insurance Company.  Progressive
Mountain Insurance Company expressly reserves all rights of denial under the policy. The investigation of this matter
has been, and is being, conducted under a strict Reservation of Rights afforded us under the policy of insurance
issued to Corey Anderson.

Tom Bonnet
Claims Representative
Progressive Mountain Insurance Company
(706) 208-3433

cc: Percy Blount, Esq.





Corey Anderson
1348 C Whittle Oak Road
Thomson, GA 30824

Phone: 706-208-3400
Fax: 706-548-7195

NIXIE    312  SE 1       00 09/12/
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 30606192630    *2524 02737 2

7011 2000 0001 2140 7013

PROGRES

MAILED FROM ZI
0003113548
02 1P
$
UNITED STATES POS

Progressive
1030 Mitchell Bridge Road, Suite A
Athens, GA 30606
41056

Not at this address

UNITED STATES POSTAGE
PITNEY BOWES
02 1P
$ 000.45⁰
0003113548   AUG 17 2012
MAILED FROM ZIP CODE 30606

PROGRESSIVE

Phone: 706-
Fax: 706-548-7195

Corey Anderson
1348 C Whittle Oak Road
Thomson, GA 30824
Sent via certified mail and Us First class mail

Date

NIXIE    312  SE 1       00 08/28/12
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 30606192630    *3024-01490-20-45

30824397775
30606@1926

oad, Suite A



CERTIFIED MAIL

7011 2000 0001 2180 7006

Phone: 706-208-3400
Fax: 706-548-7195

Corey Anderson
195 Wishan Road
Apt 6
Thomson GA 30824-6926

Progressive
1030 Mitchell Bridge Road, Suite A
Athens, GA 30606

PROGRESSIVE

U.S. POSTAGE PAID
PITNEY BOWES
$ 003.400
02 1P    AUG 17 2012
0003113548
MAILED FROM ZIP CODE 30606

NIXIE
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 30606192630   *2524 03074 20 44

PROGRESSIVE

Progressive
1030 Mitchell Bridge Road, Suite A
Athens, GA 30606

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.450
02 1P    AUG 17 2012
0003113548
MAILED FROM ZIP CODE 30606

NIXIE
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 30606192630   *2824-03794-20-44

195 Wishan Road
Apt 6
Thomson, GA 30824
Sent via certified mail and Us First class mail

Exhibit "C"

IN THE SUPERIOR COURT OF THE

COUNTY OF McDUFFIE, STATE OF GEORGIA

ADAM DUANE CASON,                    )
                                     )        CIVIL ACTION NO. 12-0275
            Plaintiff,               )
                                     )
v.                                   )
                                     )        **DEFENDANT'S RESPONSE**
COREY DRU ANDERSON,                  )        **TO PLAINTIFF'S INTERROGATORIES**
                                     )        **AND REQUEST FOR PRODUCTION**
            Defendant.               )        **OF DOCUMENTS**

COMES NOW Corey Dru Anderson, Defendant in the above-styled case, and responds to the

Plaintiff's First Interrogatories and Request for Production of Documents as follows:

<u>GENERAL OBJECTIONS</u>

Defendant objects to each of Plaintiff's Interrogatories and Request for Production of Documents

on the following grounds and specifically incorporates by reference the following objections into each

specific response to each Interrogatory below:

1.      The Defendant objects to Plaintiff's Interrogatories and Request for Production of

Documents to the extent they request information protected from discovery by the attorney/client privilege

or the work product doctrine.

2.      The Defendant reserves the right to object to all matters regarding the competency,

relevancy, materiality, confidentiality, privilege and the admissibility of the responses and information

provided herein at trial or for any purpose in any further proceeding in this action.

## RESPONSES TO EXHIBIT A - INTERROGATORY RESPONSES

INTERROGATORY NO. 1:  Please identify the person answering these interrogatories on your behalf and all persons assisting in answering the interrogatories.

**RESPONSE: The Defendant and his attorney answered these Interrogatories.**

INTERROGATORY NO. 2:  Please identify every person known to you who has any knowledge regarding the facts or circumstances concerning the events described in the Complaint, including the happening of the incident and the injuries, also including, but not limited to, eye witnesses to such events and medical witnesses and other persons having any knowledge thereof.

**RESPONSE: In addition to the parties to this case, Clinton Allen Snellings, Deputy J. G. Diarenzo of the Columbia County Sheriff's Department, Tiffany Hunley, Christy Hunley, have knowledge of the accident or were eye witnesses to the accident. Additionally, Gold Cross ambulance personnel, Dr. Lawrence Hartlage, physicians at Augusta Back and Neuroscience and the Medical College of Georgia have knowledge of the Plaintiff's injuries and alleged damages. Defendant also believes that employees of the Plaintiff's employer, UPS, have knowledge of Plaintiff's injuries and missed time from work.**

INTERROGATORY NO. 3:  In addition to the names and addresses listed in response to the preceding interrogatory, state the names and addresses of any and all other persons who:

    a)   to your knowledge or belief witnessed the incident herein described;

    b)   to your knowledge or belief were present at the scene of this wreck immediately after its occurrence and at any time within three hours following:

    c)   were within sight or hearing of the incident; •

    d)   were witnesses to any of the events leading up to the incident or

the subsequent investigation and related events on the day in question.

**RESPONSE:  The Defendant is not aware of any additional witnesses requested by this Interrogatory.**

INTERROGATORY NO. 4:  Please identify every picture, photograph, drawing, recording, tangible object or other document, pertaining to any issue or fact involved in this controversy or to the occurrence referred to in the Complaint, and identify the possessor of each such document.

**RESPONSE:  Attorney for Defendant objects to this Interrogatory as overly broad and unduly burdensome.  Waiving said objection, Defendant has copies of several photographs of the Plaintiff's vehicle.  The Defendant is also in possession of recorded statements taken from the Plaintiff, Plaintiff's wife and the Defendant.  These documents are all in the possession of the attorneys for the Defendant.**

INTERROGATORY NO. 5:  Please identify all statements in any form taken from any person pertaining to any issue or fact involved in or related to this case, listing the person from whom the statement was taken, the date on which the statement was taken, the form in which the statement was taken, whether or not the statement has been transcribed and identify all persons having possession of the statement or any transcription or copy thereof.

**RESPONSE:  Recorded statements have been taken from the Plaintiff, Plaintiff's wife and the Defendant.  The statements were taken from Plaintiff and his wife on or about February 24, 2012.  The recorded statement was taken from the Defendant on or about December 15, 2011.  The statements have not been transcribed.  Copies of the recordings are in the possession of the attorney for Defendant.**

INTERROGATORY NO. 6:  State in detail the manner in which you contend the occurrence referred to in the Complaint occurred, including your involvement in the events described in the Complaint.

RESPONSE:  I was proceeding down Columbia Road doing the approximate speed limit.  I saw the UPS truck lock up its brakes.   I applied my brakes, and slid into the rear of Plaintiff's vehicle.

INTERROGATORY NO. 7:  Please identify all persons you know of who claim to have seen or heard the Plaintiff make any statement against his interest regarding the occurrence referred to in the Complaint.

RESPONSE:  The Plaintiff told me immediately after the accident that he was not injured.

INTERROGATORY NO. 8:  Please identify all expert witnesses you intend to call at trial, listing the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE:  None at this time.  If an expert witness is retained to testify at the trial of this case, this response will be supplemented.

INTERROGATORY NO. 9:  As to each expert listed in response to the above interrogatory, please give a resume of his training, qualifications and experience, including a list of schools of higher learning which he has attended, the degrees which he received, any licenses which he holds, any honors which he has received, the professional societies of which he is a member and the identity and location of all publications which he has authored or contributed to.

RESPONSE:  Not applicable.

INTERROGATORY NO. 10:  Do you contend that you could not have, by the exercise of reasonable care, prevented the incident described in the Complaint? If so, please state each and every fact and circumstance and any documents upon which you rely to support this alleged contention.

**RESPONSE:  I believe I exercised due care on the date of the accident.  I applied my brakes as soon as I saw the UPS truck lock up his brakes.**

INTERROGATORY NO. 11:  Please identify all insurance policies known by you to provide coverage for the claims set out in the Complaint. As to each such policy, please set forth the issuer of the policy, the policy number, the limits of coverage and any defenses to coverage.

**RESPONSE:  Everest Security Insurance Company; $25,000.00/$50,000.00.  It is my understanding these limits have been tendered and paid to the Plaintiff.**

## RESPONSES TO EXHIBIT B - REQUEST FOR PRODUCTION RESPONSES

REQUEST NO. 1:  Reproductions, made from the negatives, of each and every photograph taken by you or someone on your behalf with regard to anything that is related to the incident which is the subject matter of this action.

**RESPONSE:  Attached are two photographs of the Plaintiff's vehicle.**

REQUEST NO. 2:  Each and every statement taken by you or someone on your behalf from any of the parties or witnesses or anyone having information relevant to this litigation.

**RESPONSE:  The Defendant's attorney will produce copies of the recorded statement taken from the Plaintiff and his wife.  Attorney for the Defendant objects to producing the statement taken from the Defendant on the grounds that it is the work product of the Defendant, and was taken in anticipation of litigation.**

REQUEST NO. 3:  Each and every report or correspondence between you or a representative on your behalf and any insurance carrier, experts retained on your behalf or any other entity regarding the incident which is the subject matter of this litigation.

**RESPONSE:  Attorney for Defendant objects to producing any correspondence between the Defendant and his insurance carrier as this would be work product and privileged.**

REQUEST NO. 4:  Copies of all documents and tangible things which are in any way relevant to this action or are calculated to lead to the discovery of relevant information, including: all writings, drawings, graphs, charts, correspondence, memoranda, notes, diaries, reports, summaries, statements and worksheets, whether made or obtained by you, any other party to this action, your attorneys, consultants of your attorneys, your insurance company or its agents.

**RESPONSE:  Attorney for Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome.  Attorney for Defendant is producing copies of the photographs of**

6

the Plaintiff's vehicle as well as the recorded statements taken from the Plaintiff and his wife. Attorney for Defendant also will produce any medical records received using Request for Production of Documents to a Non-Party.

REQUEST NO. 5:  Copies of all insurance policies in effect on December 7, 2005, providing liability coverage for the events described in the Complaint.

      **RESPONSE:  A copy of the Declaration Page for the Defendant's policy on the date in question is attached.**

REQUEST NO. 6:  Copies of all documents which you believe support any contentions made by you with regard to the events described in the Complaint.

      **RESPONSE:  Discovery in the case is just beginning.  Any responsive documents will be produced.**

REQUEST NO. 7:  Copies of all medical bills, physician reports, hospital records, and any other records or statements relating to the events which are the subject matter of this litigation.

      **RESPONSE:  Copies of any medical records received during the course of discovery will be produced to the Plaintiff.**

REQUEST NO. 8:  Copies of all documents identified in response to the interrogatories served contemporaneously with these requests for production of documents.

      **RESPONSE:  The statements and photographs identified in response to Interrogatories will be produced.  Attorney for Defendant, again, objects to producing the recorded statement taken from the Defendant on the grounds that it is the work product of the Defendant and was taken in anticipation of litigation, and the Plaintiff has not made a proper showing to obtain a copy of said statement.**

REQUEST NO. 9:  Copies of all documents obtained through non-parties.

RESPONSE:  Any medical records received from non-parties during discovery will be produced to the Plaintiff.  Copies of the records received from Lawrence Hartlage, Ph.D., MCG Health, Inc. and Augusta Back Neuroscience are attached.  The attorney for Defendant will promptly supplement this response if any other medical records are requested and received.

This 25th day of June , 2012.

GEORGE R. HALL     GA Bar No. 318580
*Attorney for Defendant*

HULL BARRETT, P.C.
Post Office Box 1564
Augusta, GA 30903-1564
Phone: 706/ 722-4481
Fax: 706.722.9779
Email: ghall@hullbarrett.com

8

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a copy of the foregoing upon the following:

John C. Bell, Jr., Esquire
BELL & BRIGHAM
Post Office Box 1547
Augusta, GA  30903-1547

Richard R. Mehrhof, Jr., Esquire
ALLGOOD & MEHRHOF, P.C.
615 Telfair Street
Augusta, GA  30903

by depositing said copies in the United States Mail with adequate postage affixed thereto to ensure proper

delivery.

This 25th day of _____, 2012.

GEORGE R. HALL

Exhibit "D"

12

IN THE SUPERIOR COURT FOR THE
COUNTY OF McDUFFIE, STATE OF GEORGIA
CIVIL ACTION FILE NO: 12-0275

ADAM CASON and SAMANTHA CASON ,            )
                                           )
          Plaintiff,                       )
                                           )
vs.                                        )          **ENTRY OF APPEARANCE**
                                           )
COREY DRU ANDERSON,                        )
                                           )
          Defendant.                       )

 

    COMES NOW Percy J. Blount and files his entry of appearance as counsel for Corey Dru

Anderson.

    This 22 day of August 2012.

                                        GLOVER, BLOUNT & HYATT

                       BY:                                                 
                                           PERCY J. BLOUNT
                                         Attorney for Defendant
                                         Georgia Bar No. 064400

429 Walker Street Lowr
Augusta, Georgia  30901
Telephone:    706-722-3786
Facsimile:    706-722-7145
Email:        pjblount@comcast.net

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the above and foregoing *Entry of Appearance* prior to filing with the Clerk of Court by placing same in the U.S. mail with proper postage affixed thereto upon the following:

John Bell
Bell & Brigham
P.O. Box 1547
Augusta, GA 30901

Richard R. Mehrhof, Jr.
Allgood & Mehrhof PC
233-B Davis Road
Augusta, Georgia  30907

George R. Hall
Hull Barrett
Post Office Box 1564
Augusta, Georgia  30903-1564

This 22nd day of AUGUST, 2012.

PERCY J. BLOUNT

Exhibit "E"

IN THE SUPERIOR COURT FOR THE
COUNTY OF McDUFFIE, STATE OF GEORGIA
CIVIL ACTION FILE NO: 12-0275

ADAM CASON and SAMANTHA CASON ,    )
                                               )
       Plaintiffs,                  )      **SUPPLEMENTAL RESPONSE**
                                             )      **TO INTERROGATORIES AND**
vs.                                   )      **REQUEST FOR PRODUCTION**
                                           )      **OF DOCUMENTS TO**
COREY DRU ANDERSON,           )      **DEFENDANT**
                                           )
       Defendant.               )

COMES NOW the defendant, Corey Dru Anderson, and supplements his responses to the plaintiff's interrogatories and request for production of documents as follows:

Defendant reiterates his objections to interrogatories stated in his original responses as of the same were copied verbatim herein.

    10.    Please identify all insurance policies known by you to provide coverage for the claims set out in the complaint.  As to each such policy, please set forth the issues of the policy; the policy number, the limit of coverage and any defenses to coverage.

**Progressive Mountain Insurance Company issued a commercial automobile policy to Corey Anderson, policy number 08083003-0 which has a $500,000.00 combined single limits policy coverage.**

**This case is being defended under a reservation of rights.  The question regarding coverage is whether or not the vehicle being driven by defendant Anderson qualified as a covered vehicle, either as an insured automobile or a temporary substitute automobile.**

Defendant supplements his responses to the plaintiff's request for production of

documents as follows:

Request number 5: Copies of all insurance policies in effect on December 7, 2005 providing liability coverage for the events described in the complaint.

**The defendant will produce a copy of insurance policy numbered 08083003-0.**

Request number 8: Copies of all documents identified in response to the interrogatories served contemporaneously with these requests for production of documents.

**Defendant will produce the Reservation of Rights letter sent to him by Progressive**

**Mountain Insurance Company.**


This is to certify that I have this day served a copy of the within and foregoing **SUPPLEMENTAL RESPONSE TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** upon counsel of record by depositing a copy of same in the United States mail with First Class Postage affixed thereon and being directed to:  John Bell, Bell & Brigham, P.O. Box 1547, Augusta, GA 30901;  George R. Hall, Hull Barrett, P.O. Box 1564, Augusta, GA 30903; Richard R. Mehrhof, Jr., Allgood & Mehrhof PC, 233-B Davis Road, Augusta, Georgia  30907.

This _4th_ day of DECEMBER, 2013.

GLOVER, BLOUNT & HYATT

Percy J. Blount
Attorney for Defendant
Georgia Bar No:  064400

429 Walker Street Lowr
Augusta, Georgia  30901
Telephone:     706-722-3786
Facsimile:     706-722-7145
Email:     pjblount@comcast.net

IN THE SUPERIOR COURT FOR THE
COUNTY OF McDUFFIE, STATE OF GEORGIA
CIVIL ACTION FILE NO: 12-0275

ADAM CASON and SAMANTHA CASON,          )
                                        )
      Plaintiffs,                       )
                                        )
vs.                                     )
                                        )
COREY DRU ANDERSON,                     )
                                        )
      Defendant.                        )

## CERTIFICATE OF SERVICE OF SUPPLEMENTAL RESPONSE TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PURSUANT TO SUPERIOR COURT RULE 5.2

Defendant, by and through his undersigned attorney and pursuant to Superior Court Rule 5.2, certifies that the within Certificate of Service of Supplemental Response to Interrogatories and Request for Production of Documents to Defendant Pursuant to Superior Court Rule 5.2 and Supplemental Response to Interrogatories and Response to Request for Production of Documents to Defendant were served on the following counsel of record by depositing a copy of same in the United States mail with First Class Postage affixed thereon and being directed to: John Bell, Bell & Brigham, P.O. Box 1547, Augusta, GA 30901; George R. Hall, Hull Barrett, P.O. Box 1564, Augusta, GA 30903; Richard R. Mehrhof, Jr., Allgood & Mehrhof PC, 233-B Davis Road, Augusta, Georgia 30907.

This 4ᵗʰ day of DECEMBER, 2013.

GLOVER, BLOUNT & HYATT

PERCY J. BLOUNT
Attorney for Defendant
Georgia Bar No: 064400

429 Walker Street Lowr
Augusta, Georgia 30901
Telephone:   706-722-3786

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PLAINTIFFS' BRIEF**

**IN OPPOSITION TO NON-PARTY PROGRESSIVE MOUNTAIN INSURANCE COMPANY**

**MOTION FOR STAY OF PROCEEDINGS**, upon opposing counsel by using the CM/ECF system

which will automatically send notification of such filing:

Fred M. Valz, III, Esquire
Erica L. Parsons, Esquire
CARLOCK, COPELAND & STAIR, LLP
191 Peachtree Street, Suite 3600
Atlanta, GA 30303

Shannon Gentry Lanier, Esquire
George R. Hall, Esquire
Hull Barrett, P.C.
PO Box 1564
Augusta, Ga 30903-1564

Percy J. Blount, Esquire
Glover, Blount & Millians
429 Walker Street
Augusta, Ga 30901

This 11th day of December, 2014.

_s/ John C. Bell, Jr._
John C. Bell, Jr.
Counsel for Plaintiffs