IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ADAM CASON and SAMANTHA         *
CASON,                          *
                                *
          Plaintiffs,           *
                                *
     v.                         *       CV 114-186
                                *
COREY DRU ANDERSON,             *
                                *
          Defendant.            *
```

## O R D E R

On November 26, 2013, Progressive Mountain Insurance Company ("Progressive") filed suit against Cory Dru Anderson, as well as Adam Cason and Southern Trust Insurance Company, seeking declaratory judgment that it is not obligated to defend or indemnify Mr. Anderson in the above-captioned tort suit (the "underlying action") brought against him by Mr. and Mrs. Cason (collectively, "Plaintiffs"). (See Progressive Mtn. Ins. Co. v. Anderson, No. CV 113-213 (S.D. Ga.).) Progressive now moves as a non-party to stay all proceedings in this action between Plaintiffs and Mr. Anderson until the Court resolves the insurance coverage issue raised in Progressive's independent declaratory judgment suit. Upon review of the arguments of counsel and the relevant legal authorities, Progressive's motion for stay (Doc. 11) is **DENIED**.

The power of a trial court to stay an action pending on its docket is "incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "However, this power must not be exercised lightly," and the decision of whether or not to grant a stay falls wholly within the Court's discretion. New Hampshire Ins. Co. v. Shoney's, Inc., No. CV 585-080, 1985 WL 5407, at *1 (S.D. Ga. Aug. 21, 1985); Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983). Thus, "[w]hen confronted with a motion to stay, the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." Markel Int'l. Ins. Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008) (citing Coastal Lumber, 575 F. Supp. at 1083); see also Florists' Mut. Ins. Co. v. DL & B Enters., Inc., No. 7:05-CV-50, 2006 WL 2927580, at *1 (M.D. Ga. Oct. 11, 2006).

Progressive relies exclusively on Markel for the conclusory proposition that the prejudice an insurance company faces in defending a suit that may lack coverage "far outweighs" the prejudice to Plaintiffs. (PMI Br., Doc. 11-1, at 7.) Progressive further contends that the delay to Plaintiffs on account of the stay would only be "slight," presumably on the assumption that the Court imminently will rule in Progressive's

2

favor in the related pending declaratory judgment action, thereby relieving it of its duty to defend Mr. Anderson here. (Id.)

Plaintiffs oppose Progressive's motion to stay. (See Pls.' Resp., Doc. 13.) Plaintiffs contend (1) that Progressive may not seek a stay at all because it is not party to the underlying suit and (2) Progressive's delay in filing its action for declaratory relief — approximately 1.5 years after it became aware of the underlying tort claims — is further ground for denying the motion. (Id. at 1, 3.) Plaintiffs also assert that regardless of Progressive's coverage obligations, they are ready to proceed to trial on their claims against Mr. Anderson as "[d]iscovery is believed to be complete"[1] and there is other insurance coverage available to satisfy a judgment in their favor. (Id.) Plaintiffs do not, however, make any specific allegations of prejudice, for instance, that a delay would result "in additional expense, potential insolvency of the parties, or the death or faded memories of relevant witnesses." See Florists' Mut., 2006 WL 2927580, at *2.

---

[1] Plaintiffs filed this action as a renewal pursuant to O.C.G.A. § 9-2-61. (Compl., Doc. 1, ¶ 4.) Plaintiffs originally filed suit in the Superior Court of McDuffie County, Georgia in April 2012. (Id.) According to Progressive's brief in support of its motion for summary judgment in the declaratory judgment action, Plaintiffs voluntarily dismissed the McDuffie County action just days before it was set to proceed to trial. Progressive Mtn. Ins. Co. v. Anderson, No. CV 113-213, Doc. 31-1, at 2 (S.D. Ga. Oct. 8, 2014).

3

Recognizing that the Court must not exercise lightly its inherent authority, the Court does not find the balance of equities warrants a stay in this case. Indeed, a stay in this case would most prejudice Plaintiffs. Plaintiffs have no contract with Progressive and no claim against Progressive. Phila. Indem. Ins. Co. v. Macon Mortg., Inc., No. 5:07-CV-387, 2007 WL 4336331, at *2 (M.D. Ga. Dec. 7, 2007); Coastal Lumber, 575 F. Supp. at 1083. The legal questions involved in the two cases are not the same; the resolution of the declaratory judgment action will have no impact on the resolution of Mr. Anderson's alleged liability in the underlying tort suit. Id. Simply, "[i]t would not be fair to [Plaintiffs], [ ] injured part[ies] seeking compensatory damages, for this court to put [Plaintiffs] on a back burner while [Progressive] seeks a declaratory judgment as to its duties under a contract it has made with someone else." Coastal Lumber, 575 F. Supp. at 1084 (citing as persuasive Cent. Surety & Ins. Corp. v. Norris, 103 F.2d 116, 117 (5th Cir. 1939)[2]); see also New Hampshire Ins. Co., 1985 WL 5407, at *1 (denying an insurer's motion for stay, which it filed after plaintiffs' completion of discovery in the underlying suit and on the eve of trial, and finding "[p]laintiffs' right to have their case heard in a timely manner

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

4

carries great weight"). Plaintiffs suffered their respective injuries almost four years ago and are eager to resolve this case on the merits. (See Pls.' Resp. at 3.)

Denial of the stay will prejudice Progressive only in that it will be required to continue to defend its insured under the reservation of rights it purports to have in place or to deny a defense outright and run the risk of bad faith penalties. Phila. Indem., 2007 WL 4336331, at *2. As this action to address the underlying tort claims is already in progress, there appears to be little work left before it proceeds to trial, and Progressive is already incurring some costs of Mr. Anderson's defense, it is in the best interests of the various parties to these two suits that this action proceed. As Progressive's interests in staying this action do not outweigh the inconvenience and prejudice to Plaintiffs by the delay, the Court **DENIES** the motion. (Doc. 11.)

**ORDER ENTERED** at Augusta, Georgia, this 17th day of December, 2014.

                                        HONORABLE J. RANDAL HALL
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA