IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ADAM CASON and SAMANTHA      *
CASON,                       *
                             *
          Plaintiffs,        *
                             *
     v.                      *    CV 114-186
                             *
COREY DRU ANDERSON,          *
                             *
          Defendant.         *
```

## O R D E R

On November 26, 2013, Progressive Mountain Insurance Company ("Progressive") filed suit against Cory Dru Anderson, as well as Adam Cason and Southern Trust Insurance Company, seeking a declaratory judgment that it was not obligated to defend or indemnify Mr. Anderson in the above-captioned tort suit (the "underlying action") brought against him by Mr. and Mrs. Cason (collectively, "Plaintiffs"). (See Progressive Mtn. Ins. Co. v. Anderson, No. CV 113-213 (S.D. Ga. Nov. 26, 2013).) Plaintiffs allege that Mr. Anderson was driving too fast for conditions, following too closely, and not paying attention to the road when he rear-ended Mr. Cason's vehicle, causing a severe concussion, bleeding in Mr. Cason's brain, and ultimately permanent brain impairment. (Compl., Doc. 1, ¶¶ 6-9.) On February 6, 2015, the Court granted summary judgment in Progressive's favor, finding that Mr. Anderson was not entitled to coverage or a defense under the relevant policy of insurance for want of proper notice of the accident. (Id., Doc. 45 at 16.) Mr. Cason has appealed that judgment. (Id., Doc. 48.)

Progressive, as a non-party, again moves to stay all proceedings between Plaintiffs and Mr. Anderson in this action pending resolution of Mr. Cason's appeal of the coverage determination this Court made in Progressive's independent declaratory judgment suit. (Doc. 18.) Specifically, Progressive states that it "should not be forced to incur irreparable harm in having to defend against claims that this Court has ruled are not covered simply because Plaintiff is 'eager to resolve [this] case on its merits.'" (Id. at 3 (citing this Court's December 17, 2013 Order (Doc. 14), which denied Progressive's earlier non-party motion to stay this matter until the Court resolved the coverage issue).) Progressive asks the Court to review the arguments it made in its original brief in support of its first motion to stay (Doc. 11-1) as "more compelling at this juncture." (Id.)

The Court disagrees. The power of a trial court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "However, this power must not be exercised lightly," and the decision of whether or not to grant a stay falls wholly within the Court's discretion. New Hampshire Ins. Co. v. Shoney's, Inc., No. CV 585-080, 1985 WL 5407, at *1 (S.D. Ga. Aug. 21, 1985); Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983). Thus, "[w]hen confronted with a motion to stay, the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." Markel Int'l. Ins.

2

Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008) (citing Coastal Lumber Co., 575 F. Supp. at 1083); see also Florists' Mut. Ins. Co. v. DL & B Enters., Inc., No. 7:05-CV-50, 2006 WL 2927580, at *1 (M.D. Ga. Oct. 11, 2006). Similarly, in the context of a stay pending appeal, the movant must establish, among other elements, that (1) absent a stay he will suffer irreparable harm and (2) the adverse party will *not* suffer substantial harm. See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

Recognizing that the Court must not exercise lightly its inherent authority, a stay is not warranted in this case. At this juncture — even more so than before — a stay would unilaterally benefit Progressive, a non-party, to the detriment of Plaintiffs' *and* Mr. Anderson's resolution of the underlying personal injury action. As the Court explained in its Order denying Progressive's first motion to stay, Plaintiffs have no contract with Progressive and no claim against Progressive. See Phila. Indem. Ins. Co. v. Macon Mortg., Inc., No. 5:07-CV-387, 2007 WL 4336331, at *2 (M.D. Ga. Dec. 7, 2007); Coastal Lumber Co., 575 F. Supp. at 1083. This Court since has absolved Progressive of its duty to defend Mr. Anderson against Plaintiffs' claims. Mr. Anderson has two additional attorneys who are not compensated by Progressive to represent him and carry this matter forward. Thus, the Court does not find Progressive's assertion that it will be "*forced* to incur irreparable harm in having to defend" to be persuasive — or necessarily true. (Doc. 18 at 3 (emphasis added).)

Progressive makes no specific argument as to the nature of the harm it will suffer, but merely incants that it is "irreparable." The Court therefore finds, as before, the denial of the stay will prejudice Progressive only in that it will be required to make a

3

choice inherent to its line of business: either (1) continue to defend its insured under the reservation of rights it purports to have in place to assuage its concern that this Court's coverage determination will be reversed by the Eleventh Circuit Court of Appeals or (2) withdraw and risk that Mr. Anderson's counsel will not present a vigorous defense on which it can rely if it must jump back in the fray. Simply, Progressive's interest as a non-party in staying this action does not outweigh the inconvenience and prejudice to Plaintiffs, whose discovery period concludes in a matter of days, on account of an indeterminable delay. That Plaintiffs filed the appeal at issue does not dictate a different result, as their claims, if successful, can be satisfied by other available coverage no matter what the Eleventh Circuit decides.

Based upon the foregoing, the Court **DENIES** Progressive Mountain Insurance Company's Renewed Motion for Stay. (Doc. 18.) The Court further finds that a hearing would not aid in the resolution of this discretionary issue and accordingly **DENIES** Progressive's request this matter be calendared.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of April, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA